## ZACHRY *vs.* STEWART *et al.*

1. Where a party assumes without objection the affirmative on the proof, he is entitled to conclude on the argument.
2. Prior conversation about a contract in writing is merged in the writing.
3. Exception to a paragraph of a charge which contains several distinct points must specify the particular error assigned, or it will not be entertained by this court.
4. Where a landlord assigns a lien on his tenant's crop to enable the tenant to run his farm for the benefit of landlord as well as tenant, and on the faith of that lien supplies are furnished, the landlord is estopped from attacking the validity of the lien in the hands of his assignee.

Practice in Superior Court. Contracts. Practice in Supreme Court. Estoppel. Before Judge STEWART. Rockdale Superior Court. February Adjourned Term, 1881.

The Stewarts were merchants. Vaughn desired to make purchases of them. They declined to make him advances without security. Zachry, as his landlord, took a lien which he assigned to the Stewarts, and they thereupon made the advances. They foreclosed the lien. Zachry, as a contesting creditor, came in and filed a counter-affidavit denying that the lien existed at all, and alleging that if it did it had been partly paid off. The case went to

the superior court by appeal.  On the trial the evidence as to the existence of the tenancy and the application of certain cotton towards paying the claim was conflicting. The jury found for the plaintiffs.  Zachry moved for a new trial on the following among other grounds:

(1.) Because the verdict was contrary to law and the evidence.

(2.) Because the court erred in not allowing counsel for Zachry, contesting creditor, to open and conclude the argument, at his request, before the jury, the burden of sustaining said illegality being on said Zachry, contestant. [It appears that the Stewarts assumed the *onus* and opened and concluded the testimony without objection.]

(3.) Because the court refused to allow counsel for Zachry to prove by him that plaintiffs, the Stewarts, were to make the money out of the first cotton made by said Vaughn on lands rented of said Zachry.

(4.) Because the court charged as follows: " I charge you that if you find from the evidence that the landlord, Mr. Zachry, for the purpose of enabling his tenant to procure supplies with which to make a crop on his (Zachry's) land, took a lien as landlord from his tenant and transferred the same to the Stewarts, and as a consideration for making such transfer he was benefited in obtaining supplies by the use of which crops were raised and grown on the land of Zachry, then he, Zachry, would be estopped from denying that such lien existed, and if you thus find the evidence to be, your verdict should be in favor of the Stewarts.  But how all these matters are it is for you to say under the evidence."

The motion was overruled and Zachry excepted.

A. C. McCALLA, for plaintiff in error.

GEO. W. GLEATON, for defendants.

JACKSON, Chief Justice.

This was a contest between the parties over money raised from the sale of the tenant's crop.  The Stewarts fore-

closed a landlord's lien thereon, and Zachry claimed the money raised by that foreclosure. Zachry was the landlord, and had transferred the lien to the Stewarts to induce them to furnish supplies to his tenant, and afterwards claimed the money raised by the very paper which he had so assigned, and did so by attacking its validity and lien on the crop. The jury found for the Stewarts, the assignees of the lien, and Zachry moved for a new trial, and the denial of that motion is assigned as error.

1. There was no error in giving the Stewarts the conclusion, as they took the affirmative without objection, and put in their testimony to support it.

2. There was no error in ruling out what was said about the contract before it was reduced to writing, it was merged in that writing.

3. The exception to the charge cannot be entertained; it is too general and does not specify the particular error assigned thereon. *Neal et al., executors, vs. Brown et al.,* this term.

4. Even if it could be, the verdict is right under the law applicable to the facts disclosed by the record. Zachry is estopped from attacking the validity of the lien he transferred in order to enable his tenant to run his farm for the benefit of himself as well as that of his tenant.

Judgment affirmed.