## HOLLIS *et al. vs.* SWIFT & SON.

Where original notes, and also a second note given in renewal of the balance due on them, each contained a stipulation that one dollar for every ten dollars of the principal sum stated on the face of the note might be discharged upon delivery to the payees, who were warehousemen and commission merchants, of one bale of cotton,

on which they were to have their usual storage, commissions, etc., and, in a suit on such note, the defendant pleaded that this was a mere device to conceal the charging of usury, and that the one dollar of every ten was, in fact, a usurious charge beyond the principal and legal interest, that issue should have been submitted to the jury; and it was error to charge that such a stipulation would not make the contract usurious, but plaintiff would be allowed to recover their principal, with the stipulated interest.

(*a.*) It is not decided whether such stipulation would *per se* import usury in the transaction.

April 2, 1885.

Interest and Usury.    Factors.    Before Judge WILLIS. Taylor Superior Court.    August Term, 1884.

To the report contained in the decision, it is only necessary to add that the note sued on, and which was claimed to be usurious, was as follows:

" By the first day of October next, we, or either of us, promise to pay Geo. P. Swift & Son fifty-four dollars, at their office in Columbus, Georgia, advanced on crops, with interest at and after maturity at the rate of twelve per cent per annum until paid, for value received. Five dollars of the above amount may be discharged upon the delivery to said Geo. P. Swift & Son [of] five bales of cotton, on which they are to have their usual storage, commissions, etc.    And we waive or renounce our right to the benefit of the exemption provided for under sections 1 and 4, article 9, of the constitution of Georgia, 1877.''

This note was dated January 4, 1879.

W. S. WALLACE & SON, for plaintiffs in error.

ALBERT A. CARSON; J. M. RUSSELL; W. D. ELLIS, for defendants.

HALL, Justice.

The note upon which this suit was brought appears to have been given for a balance due the plaintiffs on two previous notes.   The defence set up was usury in the original notes, which was also in this given in renewal and continuation of them.   Each of the original notes, as well as

this, contained a stipulation that one dollar for every ten dollars of the principal sum might be discharged upon delivery to the payees, who were warehousemen and commission merchants, of one bale of cotton, on which they were to have their usual storage, commissions, etc. This note was for fifty-four dollars, and stipulated for the delivery of five bales of cotton upon the conditions named. The notes which preceded it stipulated for the dilivery of a larger number of bales. There were other allegations in the plea of usurious dealings besides this stipulation, which defendants claimed was a mere shift or device for taking usurious interest; the plaintiffs, on the other hand, insisted that it was a ligitimate contract in advancement of their business as warehousemen; that their money was loaned to their customers only, and for the sole purpose of advancing their interest as warehousemen and commission merchants, and they denied that this was a device to cover usurious dealings.

Among other things, the judge charged the jury, "that if, in addition to the interest charged, it was agreed that the defendants should pay five dollars more, which might be discharged by the delivery to the plaintiffs of the five bales of cotton, this would not make the contract usurious, but plaintiffs would be allowed to recover their principal, with the stipulated interest," which, it was conceded, did not exceed the limit of conventional interest fixed by the law. Under this charge, the jury found for the plaintiffs $49.00, and defendants made a motion for a new trial upon this charge, as well as upon the general grounds usual in such motions, which was refused, and to that refusal the defendants except

In the several calculations submitted, the parties are wide apart—the defendants contending that, looking through the transaction in its various stages and upon its several renewals, and purging it of the usury, they are indebted only in the sum of about fifteen dollars, while the plaintiffs are equally confident that they have not recovered by this

verdict as much as they were entitled to. We have not troubled ourselves with an examination of the calculations, because we are satisfied that the charge did not submit to the jury the real issue upon which this case turns. The point in controversy is, whether this stipulation as to the reduction of the amount by the delivery of the cotton was a device to cover usury, and this is nowhere alluded to in the charge, or placed before the jury. Without a fuller argument, we do not decide whether such stipulations *per se* would import usury in the transaction. In its conse-quences, the question is far reaching and involves large in-terests. The facts of the case require nothing more than the determination of the precise point raised by the record and the charge under consideration, which we think was properly disposed of by the Supreme Court of the United States in Cockle *et al. vs.* Flack *et al.*, 9 U. S., 344, by holding that it was properly left to the jury to decide, on all the facts, whether a commission charged for the sale of produce not already delivered, in connection with a loan of money, was a cover for usury, or was an honest contract for commission business in connection with the use of money.

Judgment reversed.