DWELLE & DANIEL *v.* BLACKWOOD.

1. Where it was shown that concurrently with the execution of a promissory note given to cotton factors for a loan of money, on which the highest rate of legal interest was charged, the parties executed another contract by which, in consideration of the loan, the maker of the note undertook to consign to the lenders one bale of cotton for each ten dollars advanced, or in default of so doing, to pay in cash the sum of $2.50 for each bale not shipped under the contract, parol evidence was admissible to show the circumstances attending the execution of the papers and the sayings of the parties at the time, for the purpose of ascertaining their intention as to the shipment of the cotton, and enabling a jury to determine whether the contract of shipment was a device to evade the law relating to usury.
2. If on the trial of a case defendant's counsel announce that they will assume the burden, and claim the right to open and conclude the argument, which claim is assented to by the trial judge without objection on the part of plaintiffs' counsel, the latter, after the trial, will not be heard to object.
3. A verdict rendered in favor of the defendant, when the evidence adduced

on the trial shows that there is some amount due to the plaintiff on the note sued on, will be set aside.

Submitted November 22, 1898. — Decided February 11, 1899.

Complaint.　Before Judge Parker.　City court of Baxley. April 22, 1898.

*N. J. Holton* and *W. W. Bennett*, for plaintiffs.
*Thomas & Parker* and *E. P. Padgett*, for defendant.

LITTLE, J.　Dwelle & Daniel brought suit against Mrs. Blackwood for sixty dollars, besides interest, alleged to be due on a promissory note.　The note was for the principal sum of $261.48, with interest from maturity at eight per cent. per annum, was dated April 20, and became due November 1, 1897.　The defendant answered, setting up as a defense, that she had fully paid off and discharged the note by sending to the plaintiffs $200 by express, one bale of cotton worth net $56.30, and money-order for $5.18.　At the trial plaintiffs introduced the note and also copy of the contract between Dwelle & Daniel and Mrs. Blackwood, in which it was recited that, in consideration of cash and supplies represented by the promissory note, Mrs. B. agreed to deliver to D. & D. at Savannah, for sale for her account, at least one bale of sea-island cotton for each ten dollars that they had advanced to her; and in case of default, she agreed to pay in cash the above note at maturity, with $2.50 per bale as liquidated damages mutually agreed upon, for non-fulfillment of the contract, but not as a penalty, for such number of bales of cotton as she might fail to deliver.　It was recited in the instrument, that the $2.50 per bale was no part of the interest on the sum for which she had given her note, but was intended to compensate D. & D. for the expenses that they are put to, in providing warehouse accommodation, etc., for handling cotton, and that all cotton, etc., that she might deliver for sale should at their option be first applied to the payment of damages, and that the note should remain in full force until settlement is made and the note surrendered.　There was also a stipulation to pay attorney's fees and cost.　Parol testimony was admitted, showing the payments averred in the plea, that the interest at eight per cent. on the sum borrowed was

put in the face of the note, and that D. & D. were cotton factors in Savannah.  It also tended to show that at the time of the execution of the contract the defendant informed the agent of the plaintiffs that she would only make about one bale of cotton, and did not desire to sign the contract to ship more, that she was informed that it was necessary to sign the contract to get the money, but that if no more cotton was made than one bale it would be all right, and the contract to ship the cotton was signed under this statement; that the contract was executed by Mrs. Blackwood and the agent of D. & D., who, the defendant alleges, made the foregoing statements.  The agent testified that Mrs. B. applied to him to procure her a loan of $250; that he saw the plaintiffs in error, who agreed to make the loan, and gave him the papers to have her execute them; that she told him that as she did not have but a small quantity of cotton she did not wish to sign the contract, and her husband told her it was simply a matter of form; that "I told her, 'You just ship all you can'; that I heard one of the firm tell other customers that if they violated the contract it would be all right.  I think she shipped all the cotton she made."  The agent further testified that the contract was signed by Mrs. B. for the purpose of getting the money, and not for the purpose or with any intention of D. & D. handling her cotton for her; what she proposed to do was to get the money and ship what cotton she raised; if she didn't have cotton enough, she would pay them in money; she did not sign with a view of sending 25 bales of cotton.  The jury returned a verdict for the defendant, and the plaintiffs made a motion for a new trial on several grounds.  The motion was overruled, and the plaintiffs excepted.

1. The plaintiffs objected to the parol evidence of Blackwood and Crosby as to what was said previously to the execution of the contract, on the ground that such evidence tended to contradict and vary the terms of the written contract.  It must be borne in mind that there were two contracts executed concurrently or about the same time; the first, in the shape of a promissory note by which she undertook to pay to the plaintiffs a given amount of money which she had borrowed, to become due in November thereafter, and that interest at 8 per

cent. on the sum borrowed was added to and became a part of the principal of the note. This note was secured by mortgage. The other was the contract by which she undertook to ship to the plaintiffs twenty-five bales of cotton, and in default of such shipment, to pay them $2.50 for each bale contracted to be shipped, for the handling, etc., and that this sum should not constitute any part of the interest on the money advanced, nor should it be a penalty for a failure to ship the cotton, but should be liquidated damages. The stipulations in this con-tract that it was not as interest, that it was not to be a penalty, but that the sum contracted to be paid should be liquidated damages, do not free it from inquiry whether or not it was interest or a penalty. The question is whether or not it was an attempt or device to evade the usury law, or whether the contract was made in good faith and for the purpose of carrying out its terms as to the shipment of the cotton. This court in the case of *Hollis* v. *Swift*, 74 *Ga.* 595, ruled that it should be left to the jury to decide, under all the facts, whether a commission charged for the sale of produce not already delivered, in connection with a loan of money, was a cover for usury or was an honest contract for commission business in connection with the use of money; and in the case of *MacKenzie* v. *Garnett, Stubbs & Co.*, 78 *Ga.* 251, it was ruled that it must be left to the jury to determine the intention of the parties and the truth of the case — that is, whether the contract was made to give and get time, or whether it was to handle the cotton and make the profits on such handling alone. In *White* v. *Guilmartin & Co.*, 83 *Ga.* 640, it was expressly ruled that the question as to whether stipulations of this kind made in contracts were made as a cover for usury, is for the jury to decide from all the facts. The defendant averred that the note had been paid, and it was admitted that the sums set up in her plea had been received. But it was contended that a part of the money so received had been applied, under the stipulations of the contract, to the payment of the commissions, thus leaving a balance on the promissory note. It was admitted that there was no usury in the note. If any existed, it was contained in the contract; and if that was usurious, then it was not entitled to have any credit for the sums paid. While, as

a rule, usurious contracts, other than deeds to land, are not void, they are so as to the usurious interest which they contain. While it is true that parol evidence is inadmissible to add to, take from, or vary a written contract (Civil Code, § 3675, par. 1), it is also provided that all the attendant and surrounding circumstances may be proved. It is also further provided by the Civil Code, § 5203, that parol evidence is admissible to show that the writing was either originally void or has subsequently become so. From the view we take, the evidence was admissible as illustrating the question whether or not the contract was in fact a device by which the lender of the money should receive for the use of such money more than the lawful rate of interest. It was competent for these facts to go to the jury and for the jury to pass, upon the question under the principles of law given them in charge. If the contract should be found by the jury to have been usurious, then the sums of money received by the plaintiffs, and by them credited on this contract, of right belonged as credits on the original note, and under the plea of payment would be so applied. The plea of payment filed to the suit necessarily involved the question of the application of the payments which had been made, and also the question as to whether the contract was or was not usurious. It was not contended that the original note was infected with usury, and there was no plea of usury made to it; but the issue was raised when, in response to the plea, the plaintiffs contended that such payments had been properly applied on another debt.

2. It is further complained, that the court erred in ruling that the defendant was entitled to the opening and conclusion of the argument of the case. In connection with this ground, it is stated that at the opening of the case defendant's counsel assumed the burden and claimed the right to open and conclude the argument; that this claim was assented to by the court and not objected to by plaintiffs' counsel. It therefore seems that no point was made as to the right of defendant's counsel to open and conclude, and no objection was made to the allowance by the court of such claim. This being true, whether the court erred or did not err in allowing the defend-

ant to open and conclude, it was too late for the plaintiffs' counsel to interpose an objection after the trial was had. Had he desired to contest the right of defendant's counsel to so open and conclude, he should have made the point to the court and invoked a ruling on the point. Not having done so at the proper time, he will not be heard now to object.

3. It is further complained that the verdict of the jury is contrary to the law and evidence in the case, because, if all sums for which the defendant claims a credit should be applied to the note sued on, there would be a balance remaining due to the plaintiffs. On examination we find that the promissory note for the amount of $261.48 was to become due on the 1st day of November, 1897, and that after that date the principal of the note bore interest at the rate of 8 per cent. per annum. In the plea the defendant avers that she sent the plaintiffs $200 to be credited on the note. By reference to the statement of account introduced in evidence, it is shown that this $200 was received on November 3. By the same statement it was also shown that the net proceeds of one bale of cotton shipped was received by plaintiffs on December 20, both in the year 1897; and that on the 10th day of January, 1898, the plaintiffs received by express the additional sum of $5.18. These sums remitted aggregate the exact principal of the note, but under its stipulations plaintiffs are, by reason of accrued interest, clearly entitled to a small sum due on the note, for which amount they should have had a verdict. Other than this, we can not say that the verdict of the jury was contrary to the evidence in the case. The charges of the court complained of contain no material error, and were pertinent to the issues raised. The verdict of the jury having been rendered for the defendant, and the evidence showing that some amount was due on the note sued on, it must for this reason be set aside.

*Judgment reversed. All the Justices concurring.*