WILLINGHAM *v.* MACON & BIRMINGHAM RAILWAY CO.

1. Where the defendant assumed without objection the burden of proof, it was not error to allow him to open and conclude the argument before the jury. Even had the right to open and conclude been originally with the plaintiff, he waived it by acquiescing in the assumption by the defendant of the affirmative on the proof.

2. If the owner of land through which a railroad runs induce the company to build a private way across its track, it is not the duty of the company to put and keep it in such condition that an engineer on an approaching train can readily perceive live stock or persons on the crossing.

3. Section 2220 et seq. of the Civil Code does not apply to a private way not established by law.

4. It was not error to charge, in an action against a railroad company for injuries to live stock, inflicted near but not at a public crossing : " The failure of the railroad company to comply with the law as-to blowing and checking would not in itself be sufficient legal ground for a recovery in this case, and such omission without any other act of negligence would not authorize you to find for plaintiff.   Such evidence is admitted only as a circumstance which the jury may consider in determining the negligence of the defendant."

5. Section 2320 of the Civil Code is not applicable to a case in which there is no evidence of any by-laws, rules, or regulations.

6. There was no error in charging : " If the defendant was less negligent than plaintiff, plaintiff could not recover."

7. The evidence warranted the verdict.

Submitted April 6, — Decided April 27, 1901.

Action for damages.　Before H. H. Revill, judge pro hac vice.
City court of Greenville.　January 31, 1901.

*H. W. Hill* and *J. R. Terrell*, for plaintiff.
*McLaughlin & Jones*, for defendant.

SIMMONS, C. J.　It appears from the record that, on the application of a landowner, the authorities of the Macon and Birmingham Railway Company built a private way over its track for the accommodation of the landowner and his tenants.　At the place where this way was built there was a cut ten or fifteen feet deep, the banks being cut down so as to make this private crossing.　There was a considerable curve in the railroad track about the place where the crossing was built.　The plaintiff led a mule over this private way, and, after having crossed the railroad track, went eight or ten steps beyond and stopped for some purpose not disclosed by the record.　While he was standing there holding the mule by the bridle, a train of the defendant company came suddenly through the cut.　The mule, becoming frightened by the rumbling of the train, commenced to back toward the track.　The plaintiff, according to his evidence, did all he could to keep the mule off the track, but did not succeed.　The mule backed upon the track where the engine struck and killed it.　Plaintiff brought action against the company for the value of the mule.　There was a verdict for the defendant, and the plaintiff moved for a new trial.　The motion was overruled, and he excepted.

1. Upon the trial the company, before the introduction of any evidence, admitted the killing of the mule at the time and place alleged in the declaration, and that the mule was of the value alleged. The defendant then assumed the burden of proof.　To this no objection was made by the plaintiff.　After the close of the evidence, the plaintiff demanded the opening and conclusion of the argument before the jury.　This was refused by the court, and its refusal was made the basis of one of the grounds of the motion for a new trial. We think the ruling of the court was correct.　Even if the right had been originally with the plaintiff (*Western & A. Ry. Co.* v. *Brown*, 102 *Ga.* 13, 16), he waived it.　He acquiesced in the position taken by the defendant's counsel in assuming the burden of proof, and it was too late, after the evidence had been closed, for him to assert the right to open and conclude the argument.　In

the case of *Zachry* v. *Stewart*, 67 *Ga.* 218, upon a similar state of facts, this court held: "Where a party assumes without objection the affirmative on the proof, he is entitled to conclude on the argument."

2. Complaint was also made that the court refused to charge the jury as follows: "Should you believe from the evidence that the crossing was one put there and kept up by the . . railway company for the accommodation of the settlement, it is the duty of the railroad not to negligently permit it to exist or remain in a condition as to endanger life or property to any one or to stock crossing thereon, and must maintain and keep it in such condition as the engineer approaching it with his train could readily perceive any stock or person on the crossing." There was no allegation or evidence that the crossing was defectively built so far as the way itself was concerned, or that the road was out of repair. It was not claimed that the plaintiff's mule was killed by reason of any defect in the road. The first part of the request was, therefore, not applicable to the case, unless the latter part of the request is the law. This, we think, is not so. There is no duty on the company to so arrange the crossing that it can be readily seen from approaching trains. Such a duty, in the present case, would have required the company to straighten its track or to cut down the embankments on the sides of the cut, so that the crossing could be seen from an approaching engine. This private way was built for the accommodation of the landowner and his tenants. The superintendent of the road testified that he had the crossing built for this reason, as the public crossing was nearly 400 yards beyond, and was not convenient to the owner of the farm and his tenants. The place was probably jointly selected by the landowner and the superintendent; and certainly those who used this private way knew of its position and condition relatively to the cut and to the curve in the track. They chose to use it as it was, and can not complain of its position. We are clear that the company was under no duty to make the crossing more readily perceptible from approaching engines.

3, 4. This private way was between a blow-post and a public road crossing, being sixty-five yards from the former and about 335 yards from the latter. The evidence was conflicting as to whether the engineer complied with the law requiring him to blow the whistle of the locomotive when he arrived at the blow-post. The mo-

tion for new trial complained that the judge erred in refusing to give in charge to the jury sections 2220–2224 of the Civil Code, requiring all railroad companies to keep in repair crossings over "public roads or private ways established pursuant to law," to erect blow-posts on either side of such roads or ways, and to blow the whistle on arriving at a blow-post, and to keep checking the train from that time until the crossing is reached. The judge refused to charge these sections, but instead gave the charge quoted in the fourth headnote. This charge was complained of, as well as the refusal to charge as requested. We think the court was right in refusing to charge as to statutory requirements which relate only to crossings over public roads and private ways established by law. The road on which the plaintiff's mule was killed was not such a road or way, and these code sections were not applicable to it. They were applicable to the public road beyond, and the court did charge as to the manner in which the defendant's trains were required to approach a public crossing, and correctly applied the statutory provisions to the case. The part of the charge to which exception was taken was in full accord with the law as laid down in the case of Atlanta & C. A. L. Ry. Co. v. Gravitt, 93 Ga. 369. While the failure to blow is admissible in evidence as a circumstance to be considered by the jury in passing upon the question of negligence, this court has frequently held that such failure will not of itself authorize a recovery against the railroad company for accidents occurring upon its track elsewhere than at a public crossing.

5. Complaint was also made of the refusal of the court to charge section 2320 of the Civil Code, which provides, in substance, that a railroad company shall not be relieved from liability for damages to person or property by reason of any by-laws, rules, or regulations of the company. There was in the present case absolutely no evidence of any by-law, rule, or regulation of the company; and this section of the code was, therefore, clearly not applicable.

6. That there was no error in the charge set out in the sixth headnote, see Southern Railway Co. v. Watson, 104 Ga. 243, and cases cited.

7. The evidence fully authorized the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed.   All the Justices concurring.*