LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* HUGHES.

BECK, J. 1. It appears from a reading of the petition in this case (which was brought for the recovery of damages for injury to lands of the plaintiff, caused by throwing rock and other debris thereon while making excavations for a road-bed, and for the diversion of waters from their channel and their natural course of flowage upon the lands of the plaintiff) that the suit was based upon alleged tortious acts of the defendant and of employees and agents for whose acts of negligence the defendant was directly responsible and liable. But under the evidence which was introduced upon the trial, and to the introduction of which no objection was offered, it appeared that the alleged tortious acts from which the injuries complained of flowed were committed, in large part, by an independent contractor, as was ruled in *L. & N. R. Co.* v. *Hughes,* 134 *Ga.* 75 (67 S. E. 542), when this case was here before for review. In the decision in that case, in view of the fact that the same was remanded for another hearing, this court stated all of the instances in which the employer is liable for the negligence of the contractor, as they are stated in the Civil Code, § 4415, without intending to hold that all of these provisions as contained in the code section should be given in charge to the jury, regardless of the developments of the case under the evidence at the new hearing; and the trial court should not have given in charge to the jury such of the provisions of that section as were not applicable to the case under the evidence.

(a) There was no evidence to show that the work which the independent contractor was to do in the present case was wrongful in itself, or, if done in the ordinary manner, would result in a nuisance.

(b) Nor that any one of the alleged wrongful acts of the contractor was in any way the violation of a duty imposed by express contract upon the employer, or a violation of a duty imposed by a statute.

(c) Paragraph 5 of section 4415 was clearly inapplicable, under the ruling made when the case was previously before this court.

(d) However, paragraph 2 of section 4415, stating the second instance in which the employer is liable for the negligence of the contractor, was involved, as it was a matter proper to be submitted to the jury whether as a question of fact, "according to the previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed;" and the court did not err in charging that provision of law, so that the jury might apply it to the evidence in the case.

2. It is provided in paragraph 6 of section 4415 of the Civil Code that "if the employer ratifies the unauthorized wrong of the independent contractor," he is liable for the negligence of the contractor. But the application of this principle should, by appropriate instructions, have been limited to the injuries caused by interference with the flowage of water, so as to cause it to pond upon the plaintiff's land, or to seep into it in such a way as to diminish its value. For if the defendant accepted the work so constructed by the independent contractor as to amount to a nuisance, the defendant became at once responsible for the existence of the nuisance, under a rule very similar to that which makes a principal responsible for unauthorized wrongs committed by his agent by ratifying them. 1 Thompson on Negligence, § 664.

3. The court's instructions as contained in several of the excerpts from the charge complained of, as to the measure of damages, both for the casting of rocks in the process of blasting and for the diversion of water from the natural and proper channel through which it had been accustomed to flow, was open to the criticism that it allowed a recovery of damages against the defendant for alleged tortious acts in the respects referred to, which might have been the result solely of the negligence of the independent contractor, and which were not chargeable to the defendant in the present case because of any tortious act of the defendant itself or any of its employees for whose negligence it was directly responsible, and for which the defendant was not responsible, because they fell within the category of those acts of the independent contractor for which the employer is not liable. The court, in stating the rule for the measure of damages, should have more clearly required the jury to segregate the damages for which the defendant was responsible from those with which it was not chargeable.

4. Under the ruling made in this case when formerly here, the court did not err in charging as follows: "If the grantee was guilty of any tort or violation of duty after the conveyance, causing injury, it would be liable for such damages as were shown to be caused by its breach of duty or tortious conduct, but not because of its agreement with the grantor on the theory of merger." But, as pointed out in the preceding headnote, in certain portions of the charge where a specific application of this principle is made, the court did not with sufficient clearness instruct the jury as to distinguishing between those items of damages for which the defendant is responsible and the damages caused by the tortious acts of the independent contractor for which the employer was not chargeable.

5. Complaint is made of the following charge of the court: "But if you find that the plaintiff could have removed those rocks on the surface, and those under the surface did damage the land, then he would be en-

titled to recover whatever it would have cost to remove the rocks on the surface, if not more than the value of the land, and in addition thereto whatever damages may have accrued to the land by reason of those being under the surface, the same being the difference between the value of the land without the rocks and its value with the rocks on the land." As to the measure of damages to land claimed to have arisen from the blasting, it was error to confuse and mingle two distinct rules so as to have the damages arising from the same act to the same land measurable in part in one way and in part in another way. If there were an injury arising from blasting in the construction of a railroad's right of way by an independent contractor, and if the railroad sued was liable therefor, and there was evidence tending to show that the rock cast upon the land could be removed at a reasonable cost less than the value of the land, the first rule laid down in the excerpt from the charge just quoted might apply; that is, the measure of damages would be the reasonable cost of removal of the surface-rock which fell upon the land. If there was no actual removal of the rock by the landowner, and some of the rock were imbedded in the ground and some upon the surface, so as to make a permanent injury to the freehold, the two should not be so divided as to make one measure as to the surface-rocks and another measure as to those which were under the surface, but the whole should be considered in determining whether the market value of the land was diminished, and to what extent.

(a) If some part of the land was injured, not by blasting, but by the diversion of water, so as to run upon it and lessen its value, this would fall within the rule laid down in Athens Mfg. Co. v. Rucker, 80 Ga. 291 (4 S. E. 885). But in any event, if there was more than one element of damage to the land, in charging as to the measure of damages the jury should be instructed that in no event could the damages to be recovered exceed the value of the land.

6. Complaint is made that the court, after instructing the jury that if the plaintiff could have lessened the damages by draining the water off his land, he would be entitled to such an amount for damages as it would have cost him to dig ditches to carry the water away, if not more than the value of the land, erred in immediately adding to such charge the following instructions: "If you find he could not have done so without going upon the lands of the defendant company, then he would not be required to do that, and would be entitled to such damage as was caused by the water standing upon his land, if any, whether it was a temporary or permanent injury, the damage being the difference between the value of the land without the water and with the water on it." While the expression of the court may not have been exact in referring to the water on it and the water off of it, yet if water be wrongfully diverted so as to cause flowage upon the land of another, although some of the overflow may have been temporary, yet the permanent condition thus created, causing permanent or recurrent overflow, would be considered, and the question whether such tort diminished the market value of the land would be determined.

7. It was inaccurate, in charging the jury in regard to the measure of damages and the form of their verdict, to refer to permanent damages, temporary damages, and rent, as if there were three distinct subjects and

as if rent were something separate and distinct from temporary damages.

8. Complaint is made that the court erred in admitting certain documentary evidence. But this evidence is not set forth literally or in substance in the ground of the motion, nor is it attached thereto as an exhibit; and this exception falls within the rule that has many times been announced by this court, to wit, that a ground of a motion for a new trial complaining of the admission of documentary evidence will not be considered, unless the evidence objected to is set forth, either literally or in substance, in the motion itself, or attached thereto as an exhibit.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
FEBRUARY 20, 1915.

Action for damages. Before Judge Fite. Bartow superior court. November 27, 1913.

*Tye, Peeples & Jordan, J. M. Neel,* and *D. W. Blair,* for plaintiff in error.

*J. G. B. Erwin Jr.* and *Thomas W. Milner & Sons,* contra.