8166. JONES *v.* FOURTH NATIONAL BANK OF COLUMBUS.

1. "Although a defendant may in his plea have admitted a prima facie case for the plaintiff, yet where he allows plaintiff to introduce evidence to make out his case, without calling attention to the admission and

claiming the right accruing therefrom, he will be held to have waived his right to open and conclude the argument." *Southern Ry. Co.* v. *Gresham*, 114 *Ga.* 183 (39 S. E. 883); *Northington* v. *Granade*, 118 *Ga.* 584 (45 S. E. 447); *Baird* v. *Hill*, 141 *Ga.* 15 (80 S. E. 281).

2. A check originally payable to a married woman or order, and indorsed in blank by her, appears to have been cashed by the plaintiff bank and the proceeds paid to the husband and deposited by him to an account standing in his name in that bank, and on which a draft was drawn by him, applying the fund in payment of his own obligation due the bank. It was possible, under the evidence, for the jury to have found that the bank did not know or have reasonable cause to believe that the payment so made by the husband was with property of the wife. *Moye* v. *Waters*, 51 *Ga.* 13; *Humphrey* v. *Copeland*, 54 *Ga.* 543; *Gorman* v. *Wood*, 68 *Ga.* 527; *Chason* v. *Anderson*, 119 *Ga.* 495 (46 S. E. 629); *Matthews* v. *Poythress*, 4 *Ga.* 287; *Fidelity Trust Co.* v. *Mays*, 142 *Ga.* 821 (83 S. E. 961); *Walden* v. *Downing Co.*, 4 *Ga. App.* 534 (61 S. E. 1127); *Third National Bank of Columbus* v. *Poe*, 5 *Ga. App.* 113, 119 (62 S. E. 826); *Macon & Birmingham Ry. Co.* v. *Lane*, 6 *Ga. App.* 549 (65 S. E. 360). Such being the case, the wife, under the authorities cited, is bound by the payment so made.

DECIDED JUNE 14, 1917.

Complaint; from Muscogee superior court—T. T. Miller, Judge pro hac vice. August 14, 1916.

*Ed. Wohlwender, Hatcher & Hatcher,* for plaintiff in error.

*Battle & Hollis,* contra.

JENKINS, J.  The Fourth National Bank sued Mrs. Emma L. Jones as maker and L. T. Jones, her husband, as indorser, upon a promissory note for $1,800, originally made to H. E. Weathers and by him indorsed to the bank.  Mrs. Jones filed a plea in which she undertook to set up an offset of $1,500, which sum she alleged was derived from the sale of certain property belonging to her, and which she had turned over to her husband and codefendant to be taken by him to the bank and paid on her note, but which was applied by the bank and her husband upon a note owing it by him.  Upon the trial the plaintiff introduced in evidence the note and the security deed and closed its case.  Thereupon the defendants both testified in behalf of Mrs. Jones, in support of her plea, to the effect that at the time such payment was made by the husband on his note, the bank was apprised of the title to the check payable to and indorsed by the wife, and also of the direction given by the wife as to its application on her own note.  In rebuttal the officers of the bank denied such knowledge and such notice, and, the case having proceeded to a verdict in favor of the plaintiff, the

defendants moved for a new trial, which was denied, and they excepted.

It is not necessary to add anything further to what is ruled in the headnotes.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*