## 9151. COWAN *v.* BANK OF BACONTON.

1. The right to open and conclude the argument having been claimed by counsel for the plaintiff, without objection on the part of the defendant's counsel and without any ruling of the court being invoked thereon, the defendant, after trial, will not be heard to complain.
2. Error can not be assigned successfully upon the court's failure to submit to the jury instructions as to defenses not made by the pleadings. The court fully and fairly submitted to the jury the issue made by the defendant's plea.
3. No error of law was committed, the verdict was authorized by evidence, and the trial judge did not err in overruling the motion for a new trial.

DECIDED JANUARY 22, 1918.

Complaint; from city court of Leesburg—Judge Martin. July 7, 1917.

*J. B. Hoyl, R. J. Bacon, R. H. Ferrell,* for plaintiff in error.
*Pope & Bennet,* contra.

HARWELL, J. The Bank of Baconton brought suit against De-Berry Brothers and J. C. Cowan on a promissory note. Cowan pleaded that he was surety on the note, and that "said note [the note sued on], from its date to its maturity, includes usury at the rate of ten per cent. per annum for said term, which said sum was added in the face of said note as principal, all of which was unknown to this defendant at the time he indorsed said note;" and that, as the note contains a homestead waiver, these facts discharged him from any liability on the note. The bank filed an amendment admitting that the note contained usury, and that there was a homestead waiver in the note, but alleging that Cowan knew of the usury in the note at the time he signed it, and for that reason was not released from liability. The bank assumed the burden of proof and claimed the right to open and conclude the argument. The only issue in the case, therefore, was whether or not Cowan knew, at the time he signed the note as surety, that it included usury, as alleged. In an amendment to the defendant's plea it is stated that he admits a prima facie case and assumes the burden of proof, and claims the opening and conclusion; but the record does not show that the defendant objected when the plaintiff assumed the burden of proof and took the opening and conclusion of argument, or that any ruling of the court was invoked as to this.

There is no merit in the 4th ground of the motion for a new trial. If any error was committed in ruling out the testimony offered by the defendant, it was not such harmful error as would require the grant of a new trial.

The 6th ground of the motion complains that the court erred in permitting the plaintiff to open and conclude the argument. The note of the court as to this ground shows that the plaintiff assumed the burden, took the opening and conclusion without any objection on the part of defendant or his counsel, and that no ruling of the court was asked. Under these circumstances there was no error on the part of the court in permitting plaintiff to open and conclude. *Dwelle* v. *Blackwood,* 106 *Ga.* 486 (2) (32 S. E. 593) ; *Willingham* v. *Macon & Birmingham Ry. Co.,* 113 *Ga.* 374 (38 S. E. 843).

The 5th and 7th grounds of the motion for a new trial deal with the same question,—that is, the court's failure to submit to the jury the question as to whether or not the original note, of which the note sued on was a renewal, contained usury, without notice of the same being brought home to Cowan, and whether Cowan was for that reason released or discharged from liability on the note sued on. "One who seeks to avoid a contract on the ground of usury should set out and specify the ground of usury complained of." *Whatley* v. *Barker,* 79 *Ga.* 790 (2) (4 S. E. 387). It will be noted from the statement of facts that the defendant's plea alleges usury only in the note sued on, from its date to its maturity, at ten per cent. for said term, and that it was added in the face of the note sued on, as principal. There is no plea by the defendant that the original note, of which the note sued on is a renewal, contained usury, and that the usury was brought forward and included in the renewal note, and that the defendant is discharged because he had no notice of usury in the original note. The defendant can not complain that the court did not submit to the jury a defense which he did not plead. *Faulkner* v. *Faulkner,* 84 *Ga.* 73 (2) (10 S. E. 504) ; *American Ins. Co.* v. *Bailey,* 6 *Ga. App.* 424 (6) (65 S. E. 160) ; *Chattahoochee Valley Railway Co.* v. *Bass,* 9 *Ga. App.* 83 (12) (70 S. E. 683). The court fully and fairly submitted to the jury the only issue raised by the pleadings, namely, as to whether the defendant, at the time he signed the note sued on, had notice of the usury therein, as alleged in his

plea. On that question the evidence was in conflict, but it was determined by the jury against the defendant's contention; there was evidence to support the finding, which was approved by the trial judge; and, no error of law being committed, this court will not interfere with the verdict.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*