## STANTON *et al. v.* BANK OF THOMSON *et al.*

No. 11472. November 11, 1936. Rehearing denied December 11, 1936.

*Roberts & Roberts,* for plaintiffs in error.

*J. Q. West, Erwin, Erwin & Nix,* and *Lamar C. Rucker,* contra.

Beck, Presiding Justice. Stanton & Duval, a partnership, brought suit against the Mary Delia Manufacturing Company, to recover $4463.63 principal, together with interest from the date of the delivery of certain cotton which the plaintiffs contended they had sold for cash to the manufacturing company before it was put into the hands of a receiver. Under an agreement between Stanton & Duval and the Bank of Thomson, a certain quantity of this cotton was sold, and the proceeds were deposited in the bank to abide the issue involved in this case. It is contended by the members of the partnership that, this being a cash sale, the title to the cotton did not pass until it was paid for. The bank contends that it holds a mortgage covering the personal property of the manufacturing company, including the cotton, to secure certain notes which were given to it by the company for the purpose of having a running credit account; and that the sale of the cotton by the partnership to the manufacturing company, while originally a cash sale, became later a credit sale by virtue of an agreement reached as to the payment for the cotton and the time within which it was to be paid for; or, if the sale was for cash, that the title was relinquished and waived on the part of Stanton & Duval. The partnership of Stanton & Duval, claiming title to the cotton and the products which were manufactured from it, brought trover. The bank foreclosed its mortgage, which covered

certain personal property of the manufacturing company, and would also be a lien upon the goods manufactured from the cotton, unless the title thereto remained in Stanton & Duval, as it would had the sale been for cash and not converted by any agreement into a credit sale. After the filing of the trover suit and the foreclosure of the mortgage, the Bank of Thomson and Stanton & Duval filed an equitable petition jointly asking for the appointment of a receiver, and making all creditors parties, requiring them to interplead, and consolidating the trover suit and mortgage foreclosure of the bank along with other suits against the manufacturing company. The petition was in the nature of a bill of interpleader, and distinctly raised the issue as to the rights of the bank and the partnership of Stanton & Duval. These issues were tried before a jury upon evidence submitted and the charge of the court. The jury returned a verdict in favor of the bank. Stanton & Duval filed a motion for new trial, which was overruled, and they excepted.

■ The question is raised, in one ground of the motion for new trial, as to who was the plaintiff in the trial. Both Stanton & Duval Cotton Company and the Bank of Thomson having joined as plaintiffs in bringing the equitable petition against Mary Delia Manufacturing Company, and later these two joint plaintiffs having joined issue as to the distribution of the funds arising from the sale of certain goods claimed under a trover proceeding by Stanton & Duval Cotton Company against the manufacturing company and the bank holding a mortgage executed by the manufacturing company, covering all cotton, cotton goods, and cotton in course of manufacture, it was agreed by counsel for both sides that the Bank of Thomson might assume the burden and proceed with the trial; and after the evidence was closed, counsel for Stanton & Duval contended that the burden was upon them, and requested the court to allow them the opening and conclusion. Whereupon the court ruled that inasmuch as the bank, with the consent of the other side, had assumed the burden, and the jury had been stricken, the burden was on the bank, by virtue of this agreement. The court did not err in so holding. For, whether the burden was actually on the bank or not, when it, with the consent of the other side, assumed it, and no notice was given by the other side until after the evidence was closed that they made the

contention that they should have the opening and conclusion of the argument, the court rightly held that the bank was entitled to the opening and conclusion.

■ The admission in evidence of the inventory made out and furnished to the bank by the manufacturing company, dated March 16, 1934, purporting to show the financial condition and the supplies on hand on said date, over the objection that the same was hearsay evidence and was immaterial and irrelevant, was not reversible error. If the evidence was actually immaterial and irrelevant, it was harmless.

■ The court charged the jury, in part, as follows: "Really the issue is as to whether or not Stanton & Duval sold this cotton in question to Mary Delia Manufacturing Company on a cash sale, or whether or not it was converted later into a credit sale." Error is assigned upon this charge. Under the issues in the case, the court did not err in instructing the jury in the language just quoted. The charge was not, as movants contend, confusing to the jury; and in the absence of a written request, the court was not required to instruct the jury as to what circumstances "would change a cash sale into a credit sale." The words "cash sale" and "credit sale" are words of common use, and there is nothing to show that they had a peculiar signification in this case, so as to require the court to define those terms, in the absence of a written request to do so.

■ The court further charged the jury: "As stated, it is contended by Stanton & Duval, and it is admitted in this case, that they were commission merchants, that they were selling this cotton on cash sale, and that it was delivered to the Mary Delia Manufacturing Company. I charge [in] that connection, that if you believe under the evidence in this case that this cotton was sold by Stanton & Duval to Mary Delia Manufacturing Company on cash sale only, even though the property may have been delivered to Mary Delia Manufacturing Company, the title would not pass, even though delivery was made to the buyer, unless there was a relinquishment of the cash sale or a waiver of the cash sale on the part of the seller of the cotton." The instruction given the jury in this excerpt affords no ground of complaint to the movants. If they had desired that the court in its charge and in this connection should instruct the jury what was necessary to make

a relinquishment of the cash sale and what was necessary to constitute a waiver thereof, a proper and timely request in writing to that effect should have been made. The principle here ruled is also applicable to the charge excepted to in ground 8 of the motion.

■ In ground 9 exception is taken to the following charge of the court: "I charge you also that the mere giving of a draft for the payment of cotton that has been sold on cash sale, if the draft was later turned down, would not of itself convert it into a credit sale. There must, as already explained to you, have been a new agreement, or a relinquishment of the cash sale, or a waiver thereof, before title would pass to the Mary Delia Manufacturing Company." No error as against the movants is shown in this instruction. No ruling further than those made above is necessary upon the question raised in ground 10 of the motion.

■ There is no merit in the final ground of the motion, in which it is contended that the entire charge of the court unduly stressed certain contentions of the Bank of Thomson.

■ The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*