29643. DAVISON CHEMICAL CORPORATION *v.* HART.

DECIDED NOVEMBER 25, 1942.

*Hinton Booth,* for plaintiff. *John F. Brannen,* for defendant.

STEPHENS, P. J. The Davison Chemical Corporation brought suit against J. A. Hart, and alleged that the defendant as its agent, had collected from a debtor of the plaintiff $136.45 which he had failed to turn over to the plaintiff, and that the defendant was therefore liable to the plaintiff in that sum. The defendant admitted collecting such sum from the plaintiff's debtor, but denied that he had failed to turn the money over to the plaintiff, and denied liability. He alleged that S. Edwin Groover was the agent for the plaintiff in Statesboro; that Groover employed the

defendant as a subagent, and that he paid the money collected from the plaintiff's debtor to Groover for the plaintiff, and that for that reason he was not liable to the plaintiff.

The case proceeded to trial. Groover testified for the plaintiff that the defendant had not paid to him $136.45 collected by the defendant from Mrs. Ida Boyd, the plaintiff's debtor; that he was not the agent of the plaintiff but was its salesman; that Joe Tillman was the plaintiff's agent for Bulloch County and the defendant was a subagent under him; that the defendant was not responsible to the witness but to Tillman, but if the defendant had offered the witness the money he would have been authorized to accept it for the plaintiff; that Mrs. Boyd informed a collector for the plaintiff that she had paid the defendant the amount which she owed the plaintiff; that the witness then saw the defendant who stated that he had collected the money from Mrs. Boyd and insisted that he (the defendant) had paid the money to this witness. The witness then testified as to the collection by the defendant of other accounts due the plaintiff, and his slowness in turning such collections in to the plaintiff. The witness testified that the defendant had never turned in the money which he collected from Mrs. Boyd. No further evidence was introduced by the plaintiff.

The defendant testified in his own behalf, in part, as follows: "I do not owe the Davison Chemical Corporation $136.45 by reason of the fact that I collected some money from Mrs. Ida Boyd for fertilizer sold her by them. I have paid that money. I paid it to Edwin Groover. . . I paid it at Edwin's office. . . I paid Mr. Groover the cash. . . That was in 1940, April 1940. As to what Mr. Groover did when I gave him the money, when I walked in Edwin was standing up at his desk fixing to come out of the office. . . I walked in and said 'Edwin here is Mrs. Ida Boyd's fertilizer money.' . . I don't remember whether he put it in his pocket or just what he done with it. I did not get a receipt for it. He has never given me a receipt."

The jury returned a verdict for the defendant. The plaintiff's motion for new trial was overruled, and it excepted.

The plaintiff contends that the court erred in charging the jury that "under the law the burden rests upon the plaintiff to satisfy the jury of the truth of the case by a preponderance of the testimony," and in charging the jury that "if you are satisfied that

the plaintiff has carried the preponderance of the testimony in this case it will be your duty to find in their favor." The plaintiff assigns the above charges as error "for the reason that the only defense made by the defendant . . was a plea of payment, which is an affirmative defense, and the burden of proof was on the defendant, and the court should have so charged." The defendant in his brief states that when the case came on for trial the plaintiff "assumed the burden of proof at the outset, called the first witness and made out his case and rested. Then defendant went to the stand and made out his defense and rested. The defense made the opening argument and the plaintiff concluded." The plaintiff in its reply brief states that "the plaintiff did not assume the burden of proof." The record discloses that the plaintiff put the first witness on the stand and by him made out a case which would have authorized the jury to find for the plaintiff. After this witness had testified the plaintiff rested. The defendant then testified as a witness in his own behalf and his testimony was in direct contradiction and denial of the testimony of the plaintiff's witness. The defendant then rested. No denial is made by the plaintiff in its reply brief of the statement of the defendant as to the order of counsel's arguments.

Ordinarily the burden of proof is where the pleadings place it. However, where the defendant admits in his plea a prima facie case in the plaintiff, but the plaintiff does not take advantage of that fact, and proceeds to introduce in support of his case evidence which would authorize a recovery, and this is done with the consent of the defendant or without objection by him, the plaintiff will be deemed to have assumed the burden of proof and to be entitled to the opening and concluding arguments before the jury, and the defendant will be deemed to have waived his right thereto. In such circumstances the plaintiff will be deemed the moving party with the right to open and conclude. See *Zachry* v. *Stewart*, 67 *Ga.* 218; *Willingham* v. *Macon &c. Ry. Co.*, 113 *Ga.* 374 (38 S. E. 843); *Northington* v. *Granade*, 118 *Ga.* 584 (45 S. E. 447); *Dwelle* v. *Blackwood*, 106 *Ga.* 486 (32 S. E. 593); *Cowan* v. *Bank of Baconton*, 21 *Ga. App.* 645 (94 S. E. 808); *Jones* v. *Fourth National Bank*, 20 *Ga. App.* 219 (92 S. E. 964); *Stanton* v. *Bank of Thomson*, 183 *Ga.* 489 (188 S. E. 702).

The burden of proof, i. e., the burden of establishing the right

to recover as alleged in the petition, is primarily on the plaintiff. The plaintiff is relieved of this burden of proof when the defendant admits the plaintiff's right to recover, under the plaintiff's allegations, or sets up an affirmative defense which would defeat the right to recover. The burden of proof, whether it is on the plaintiff or on the defendant, is fixed by the pleadings. Where the plaintiff, as in the petition here, alleges that the defendant is indebted to it, in that, while acting as agent for the plaintiff, he had collected money from a debtor of the plaintiff but had failed to deliver the money to the plaintiff, the defendant does not in his plea admit the allegations of the petition, and does not admit a prima facie case which would throw the burden of proof on the defendant, by admitting that he collected the money as alleged in the petition, when he denies, as alleged in the petition, that he had not delivered the money to the plaintiff. The plea amounts to no more than a denial of liability to the plaintiff by denying that the defendant had failed to pay over to the plaintiff, as the plaintiff alleged, the money which the defendant had collected from the plaintiff's debtor. Under such plea the burden is on the plaintiff to prove that the defendant had failed to pay this money to the plaintiff. The allegation of the defendant in his plea that he had paid the money to the plaintiff does not constitute an affirmative defense against any allegation in the petition, but is merely a denial, stated affirmatively that he had paid the money, of the allegation that he had not paid the money. Often a plea states in affirmative language facts which merely amount to a denial of essential allegations in the petition. Frequently a defendant in a damage suit will deny an allegation of negligence in the petition by affirmatively stating facts which merely amount to a denial of the plaintiff's allegations of negligence. Such affirmative statements in the plea do not operate as an admission of a prima facie case in the plaintiff, and do not operate to cast on the defendant the burden of proof of the whole case. In 2 Chamberlayne's Modern Law of Evidence, § 944, it is stated as follows: "Where the defendant traverses, or denies one or more material allegations of the plaintiff's declaration, either in an action of tort, or contract, or concerning land, the burden of proof is on the plaintiff;—even where the traverse is an argumentative one, in the form of an affirmative plea;—though a party is not called to explain or dis-

prove his opponent's allegations. If the form of defendant's pleading is negative, as where he files a general issue, the burden of proof is upon the plaintiff even should the defendant introduce an affirmative defense under this negative allegation."

The plaintiff alleged that the defendant had failed to deliver to the plaintiff the money which it was alleged the defendant had collected from the plaintiff's debtor. The defendant, in his plea, instead of specifically denying this allegation, denied it in effect by alleging that he had collected the money as alleged but had paid it to the plaintiff's authorized agent. The issue thereby formed, considering the other admissions of the allegations of the petition, was whether, as alleged by the plaintiff, the defendant had not delivered the money to the plaintiff, or, as alleged by the defendant, that this allegation of the plaintiff was not true.

There is a "burden of proof," frequently referred to in the law books, which is not the burden of proof on the plaintiff to establish his cause of action, or the burden of proof on the defendant to defeat it by some affirmative defense. It is the burden resting on either party, whether or not he carries the general burden of proof above referred to, which is necessarily fixed on one party or the other by the pleadings, to establish his denial by proof of an affirmative fact or an affirmative allegation in the pleadings of the opposite party. Such burden of proof is recognized in Code § 38-104.

The court did not err in charging the jury as above quoted in using the word "testimony" instead of the word "evidence." *Georgia Power Co.* v. *Jones,* 54 *Ga. App.* 578, 586 (188 S. E. 566). The fact that the plaintiff introduced only one witness and that the defendant introduced only one, and that the testimony of these witnesses was in direct conflict did not render the above instruction erroneous. See *Atlanta Gas Light Co.* v. *Cook,* 35 *Ga. App.* 622 (5) (134 S. E. 198). The preponderance of evidence is not necessarily fixed by the number of witnesses. Code, § 38-107.

The evidence authorized the verdict, and no error of law appearing the court properly overruled the plaintiff's motion for new trial.     *Judgment affirmed.     Sutton and Felton, JJ., concur.*