### 34891.   MILLS *v.* JONES.

Decided January 14, 1954.

R. C. Scott, for plaintiff in error.

Kimzey & Kimzey, Hamilton Kimzey, Herbert B. Kimzey, contra.

SUTTON, C. J.  The first special ground of the motion for new trial shows that the defendant admitted a prima facie case and then assumed the burden of proof; and error is assigned on the court's allowing the defendant to have the opening and conclusion of the argument before the jury. It does not appear that the plaintiff made any objection or asked for any ruling of the court when the defendant undertook to assume the burden of proof, and the plaintiff thereby waived the right to open and conclude the argument. *Zachry* v. *Stewart*, 67 *Ga.* 218 (1); *Dwelle* v. *Blackwood*, 106 *Ga.* 486 (2) (32 S. E. 593); *Willing-*

ham v. *Macon & B. Ry. Co.*, 113 *Ga.* 374 (38 S. E. 843). The ground does not show that the plaintiff claimed the right to open and conclude the argument until after the trial, and it was then too late. This ground fails to show error.

■ In the second special ground, the plaintiff complains of the court's failure to charge, without request, that to sustain the plea of payment, the burden was on the defendant to prove the time, place, amount, and to whom the alleged payments were made. Under the pleadings, the only issue was the amount of the payments, and the court so instructed the jury. As was held in *Fletcher* v. *Young,* 10 *Ga. App.* 183, 189 (3) (73 S. E. 38), "It is the fact of payment, and not the time or place of the payment, that is the essential fact to be proved; and if the evidence established the fact of payment, it is wholly immaterial that it did not go further and prove the place and time when the payment was actually. made." Furthermore, there was no demurrer to the plea, seeking to require the defendant to allege the place where the payments were made, and it was unnecessary for the defendant to prove what he had not alleged. The court read to the jury the defendant's plea, and then charged them that "the burden rests upon the defendant in this case to sustain by a preponderance of the evidence his allegations and contentions." The second special ground of the motion shows no error.

■ It is contended that the defendant's proof was at variance with the allegations of his plea, in that the payments which the defendant testified to were not made in the amounts and at the times as alleged. The total amount which the defendant testified he had paid, but was not credited for, $350, was shown by his plea as well as by his evidence; and there was no objection to the evidence of the additional payments made by the defendant. As the plea could have been amended to conform to such evidence without changing the nature of the defense alleged, the variance was not fatal. The verdict was authorized by the evidence, and the court did not err in denying the motion for new trial.

*Judgment affirmed. Felton and Quillian, JJ., concur.*