35361.   GEORGIA INDUSTRIAL REALTY CO. *v.*
MADDOX *et al.*

Decided January 27, 1955—Rehearing denied February 24, 1955.

569

*Robert G. Young, Edgar A. Neely, Jr., Marshall, Greene & Neely,* for plaintiff in error.

*Gambrell, Harlan, Barwick, Russell & Smith,* contra.

NICHOLS, J. Code § 105-502 declares in part: "The employer is liable for the negligence of the contractor. . . 2. If, according to previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed." In *Community Gas Co.* v. *Williams,* 87 *Ga. App.* 68, 80 (73 S. E. 2d 119), involving injury caused by the explosion of a propane gas tank, this court said: "A proprietor, landlord, owner, employer or contractor, in dealing with an independent contractor or subcontractor, has certain duties relating to the exercise of reasonable care in work which from his knowledge and experience is known to be intrinsically dangerous, which duties are non-delegable. Such acts have been held to include blasting operations." In *Louisville & Nashville R. Co.* v. *Hughes,* 143 *Ga.* 206 (1d) (84 S. E. 451), a case involving injury done by blasting performed by an independent contractor, it was held that section 2 of Code § 105-502, stating "the second instance in which the employer is liable for the negligence of the contractor, was involved, as it was a matter proper to be submitted to the jury whether as a question of fact, 'according to the previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed,' and the court did not err in charging that provision of law, so that the jury might apply it to the evidence in the case."

Code § 81-1001 as amended (Ga. L. 1953, Nov.-Dec. Sess., p. 82) declares among other things: "Either party who amends or attempts to amend his petition or other pleadings in response to order or other ruling of court shall not be held to have waived his objection to such order or ruling." There is no merit in the insistence of counsel for the defendants that, when the plaintiff amended her petition within the 20 days granted in the order of February 8, 1954, she necessarily admitted that the original petition failed to state a cause of action, and that the law of the case was thus established. *Adams* v. *Ricks,* ante, p. 494 (86 S. E. 2d 329).

The allegations of the present petition as finally amended—to the effect that the defendant, Georgia Industrial Realty Com-

pany, procured the defendant, Beckham Construction Company, to remove embedded-rock foundations near an urban residential community by means of blasting with highly explosive materials, and that the latter defendant's negligence in discharging highly explosive materials so as to cause the plaintiff's house and the embedded rock and ground thereunder to tremble in a violent manner, proximately resulted in the injuries complained of—are sufficient, as against general demurrer, to set forth a cause of action. Compare *Fleming* v. *E. I. DuPont &c. Co.*, 89 *Ga. App.* 837 (81 S. E. 2d 529).

In so far as there was any merit in the special grounds of demurrer, they were met by appropriate amendment.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*