45388.   CHIPLEY v. BEELER et al.

QUILLIAN, Judge. Plaintiff (appellant here) filed a suit seeking to enjoin the defendants (appellees here) from interfering with his easement and by amendment sought punitive damages and attorney's fees. The petition alleged that the plaintiff was the owner of a house and lot which lay on the up-hill side of the adjoining land of the defendants; that water on the plaintiff's property drained across the defendants' property; that such water drained through a drainage pipe into a pond of the defendants; that defendants had stopped up the drainage pipes with cement to prevent the water from flowing onto their land; that as a result of the obstructing of the natural flow, the water backed up on the plaintiff's land.

The defendants filed their answer and counterclaim which, besides denying the material allegations of the plaintiff's claim, sought an injunction to prevent the plaintiff from diverting polluted water onto defendants' land. The counterclaim also sought recovery of special damages, punitive damages and attorney's fees. According to the allegations contained in the counterclaim the facts which give rise to this litigation are: that the terrain of the defendants' lot was such that surface water flowed naturally off the driveway into the lake; that surface water on the plaintiff's lot flowed into a swampy depression and thence to a

culvert emptying into a public drainage ditch; that the defendants constructed a driveway which changed the flow of the surface water and caused it to flow over the defendants' driveway where it accumulated; that the water was polluted, and as a result of an extension of plaintiff's culvert the polluted water flowed into the defendants' pond. It appeared that to prevent the flow of plaintiff's surface water on their land the defendants sealed off their end of the culvert.

When the case came on for hearing before the trial judge, he ordered both parties to take action to remedy the situation and in effect enjoined each of them. The plaintiff appealed this decision to the Supreme Court which upheld the trial judge's injunction order. The matter of the defendants' counterclaim for damages then came on for trial. The jury returned a verdict for the defendants in the amount of $2,500. The plaintiff appeals to this court from adverse rulings on his motion for judgment notwithstanding the verdict and motion for new trial. *Held:*

1. The appellant contends that the trial court erred in overruling the motion for a directed verdict and the motion notwithstanding the verdict. He contends that Madison County, the builder of the driveway, was an independent contractor and therefore not his agent.

Whether or not the county was an independent contractor, the evidence discloses that the county's work was accepted by the appellant who did thereby ratify the tortious act that was committed. *Louisville & Nashville R. Co. v. Hughes,* 143 Ga. 206 (2) (84 SE 451). See *Hickman v. Toole,* 31 Ga. App. 230 (120 SE 438); *Hickman v. Toole,* 35 Ga. App. 697 (3) (134 SE 635); *Goldman v. Clisby,* 62 Ga. App. 516, 519 (8 SE2d 701).

2. Error is also assigned on a charge of the court which stated that the appellant would be liable for the acts of the county employees if he requested them to construct the driveway. Since evidence showed that the appellant ratified the action of the county employees, the charge was not error.

3. The appellant argues that the evidence was not sufficient to support the verdict. With this contention we cannot agree. There was evidence that the appellant had the driveway constructed and accepted the job after it was completed. One of the

appellees, Dr. Beeler, testified as to the condition of his driveway and pond before and after the construction. He testified that his driveway became impassible by the accumulation of surface water which was prevented from draining naturally because of the construction of the appellant's driveway. He further stated that the pond became useless for fishing and swimming by drainage water which had previously not flowed into his pond before being diverted from appellant's lot into the pond by the culvert which was installed by the appellant.

4. The remaining ground of the appeal complains that the appellant was not given the opening and concluding argument. The appellees assumed the burden of proof and took the opening and conclusion without any objection from the appellant. The court did not commit error in allowing the appellees to open and conclude. *Cowan v. Bank of Baconton,* 21 Ga. App. 645 (1) (94 SE 808), and *Dwelle & Daniel v. Blackwood,* 106 Ga. 486 (2) (32 SE 593).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
ARGUED JUNE 1, 1970—DECIDED OCTOBER 6, 1970—
REHEARING DENIED NOVEMBER 10, 1970—

*Hudson & Stula, Jim Hudson,* for appellant.
*Cook, Pleger, Noell & Boulogne, John S. Noell, Jr.,* for appellees.

