## 2679.  CHATTAHOOCHEE VALLEY RAILWAY CO. *v.* BASS.

1. There was no error in overruling the defendant's demurrers to the petition as amended. Where three town lots originally distinct are merged by the possession of a single owner, and are together occupied by the owner as a home, the statement that a portion of one of these lots was taken for use by a railroad company is merely descriptive of the particular portion of the entire tract which was taken. The reference made to the fact that the home place originally consisted of three lots is not objectionable as creating a misjoinder of different causes of action.
2. The owner of a lot of land has a right of action to recover the market value of any portion of it taken without his consent by a railroad company for its use, and this right is not dependent upon whether the market value of the remainder of the lot is increased or diminished in consequence of the construction of the railroad. Nor is the right of recovery defeated by reason of permissive possession of a portion of the lot by the railroad company for a spur-track prior to the time when the route of the main line of the railroad was diverted and the spur-track changed to a part of the main line. The use of a spur-track is so different from that to which the main line is put that land occupied permissively by a railroad company for the purpose of a spur-track only is not for that reason alone subjected to the use of the railroad as a part of its main line. Mere use of the land of another by a railroad company for a spur-track does not of itself make this land a part of its adjoining right of way.
3. The court did not err in refusing to allow the amendment by which the defendant sought to set up in its answer an agreement on the part of the plaintiff that the defendant should occupy a portion of her premises, and an award alleged to have been made prior to the acts alleged in the petition, more especially as the defendant did not set up the alleged award as a defense to the action. There was no plea of accord and satisfaction, and it appears that the alleged agreement to arbitrate was made after the present suit was filed.
4. The fact that one may be entitled to recover the market value of a portion of a residence lot actually taken by a railroad company does not preclude a recovery for any damage to the remainder not taken, which results from the construction and maintenance of the railroad, and a petition which includes both items of damage is not for that reason alone demurrable. As both items of damage are recoverable in the same action, it is not error for the court in such a case to refuse to compel the plaintiff to elect.
5. While, in an action to recover for damage to the plaintiff's property, the evidence must be confined to that damage, and while mere personal inconvenience to the owner, such as inability to hear over a telephone on account of surrounding noises, is not an element of such damage, still the existence of such circumstances as the creation of unusual and distracting noises, inability to hear over the telephone, prevalence of smoke and dust, and other like facts, may be used to illustrate and corroborate other evidence. that there has been a depreciation of the

market value of the premises, consequent upon the creation of these undesirable surroundings.

6. The statements of the plaintiff to the effect that she never consented for the railroad to cross this land, and that she "did not consent for them" to build the road across there at all at any time," are not objectionable as being mere conclusions of the witness. The statement that the witness did not consent was, prima facie at least, the statement of a substantive fact, even though further examination might in some cases disclose that the denial of consent was a conclusion, not properly supported by the real facts. The same ruling applies to the denial of any authority as agent by one alleged to be an agent. As to many facts an affirmation of their existence might be a conclusion, while the denial of the existence of a fact, from the very nature of the case, is direct evidence.

7. That the judge in the presence of the jury reiterated certain statements of a witness, as preliminary to asking a question which naturally depended upon the previous statements of the witness, did not constitute an expression or intimation of opinion as to those statements. The witness having testified that the plaintiff's husband refused to give the right of way, it was not error for the court to ask the same witness whether such refusal was before or after the construction of the railroad.

8. It is not error to refuse to receive evidence not pertinent to the pleadings. The defendant not having defended upon the ground that the plaintiff was concluded by a prior award upon an arbitration, evidence that an award had been made would not have been admissible, and in no view of the case was a paper relevant or admissible which did not evidence that it was made by the plaintiff or by her authority or was in any way binding upon her.

9. Exceptions to the refusal to exclude testimony, which attempt to assign error without stating the objection urged in the trial court, and which merely quote the testimony to which objection is alleged to have been made, are too indefinite for consideration.

10. The question as to whether the defendant railroad company entered the premises of the plaintiff with her consent was one of fact; and the court fairly submitted it to the jury and told them that, if the entry was with her consent, she could not recover. The jury must be assumed to have found that she had not consented, in view of their finding in her favor.

11. The practice of several times repeating in extenso the contentions of the parties, while charging the jury, is not to be commended; but where they are so fairly and impartially stated as they were in the present case, the error is harmless.

12. There is no merit in the assignments of error predicated upon excerpts from the charge of the court when those portions of the charge are considered in connection with the context and with the charge as a whole. If the defendant was entitled to defeat the recovery of damages by reason of the fact that it was the owner of the land upon which its tracks were built, prior to their construction, this defense should have been asserted by proper allegations in the answer. As no such defense was presented

in the answer, evidence to the effect that the defendant was in possession of some part of the land prior to the entry and injury alleged in this case was irrelevant and inadmissible; and the court was not required to charge upon a defense not suggested by the pleadings.

13. Where a ruling upon the admissibility of testimony is invoked or is necessary, the judge may state his recollection of testimony already introduced, when, in stating that there is or has not been testimony upon a particular point, he gives no intimation as to whether the fact testified to actually exists, or as to whether the statement made or omitted has been satisfactorily proved.

14. The court properly refused to charge the jury that it would make no difference whether an award or assessment of the value of the plaintiff's land was made before or after the property was taken, she would be bound thereby; for no such defense was set up by the pleadings. The principles invoked by the remaining request, so far as pertinent to the case, were fairly presented in the general charge.

DECIDED FEBRUARY 25, 1911.

Action for damages; from city court of La Grange—Judge Harwell. April 28, 1910.

*A. H. Thompson,* for plaintiff in error.

*B. H. Hill, E. T. Moon,* contra.

RUSSELL, J. The plaintiff brought an action for damages against the railroad company, to recover the value of a corner of her lot, which she alleged had been taken by the company and used in the construction and operation of its line of railroad, and which the track disconnected from her other property. She also asked for damages on account of the diminution of the market value of the remainder of her premises, due to the proximity of the railroad and the creation of objectionable conditions which rendered the property less valuable than before, and for the recovery of damages consequent upon the erection of a fill which ponded water in her garden. In addition to these general damages, she sued for exemplary and punitive damages. By amendment she alleged her punitive damages to be $1,000, and made plain the area of the land actually taken by the railroad for the purpose of construction. The amendment very clearly set forth that the amount claimed as damages for the diminution of the market value of the property of which she was in possession was separate and distinct from the damages claimed as the value of the land actually taken and occupied by the defendant company. The defendant demurred generally and specially. Some of the special demurrers are defective in that they are themselves demurrable. They do not point out the alleged defects

in the petition with sufficient clearness to enable the court to catch the point at which they are aimed. As was ruled in *Douglas, Augusta & Gulf R. Co.* v. *Swindle, 2 Ga. App.* 550 (59 S. E. 600), "demurrer, being a critic, must itself be free from imperfections." In so far, however, as the demurrer which was addressed to the description of the lot of land is meritorious, the defect was cured by the amendment, which alleged that lots 4, 5, and 6 constitute one contiguous plat of land, and are known as one piece, and that the description of it in the original petition, as lots 4, 5, and 6, by reference to the map, was for the purpose of identifying the piece as a whole which constitutes the land belonging to the plaintiff's home lot. In the third ground of demurrer it was alleged that there was a misjoinder of two alleged causes of action by the plaintiff, in that in one portion of the petition allegations were made in support of a charge of trespass upon lot No. 6, and in another portion the damages were alleged to have been committed on the other two lots.

There was no error in overruling the demurrers to the petition as amended. Where three town lots originally distinct are merged by the possession of a single owner, and all three together are occupied by the owner as a home, the statement that a portion of one of these lots was taken for use by a railroad company is merely descriptive of the particular portion of the entire tract which was taken. The reference made to the fact that the home place originally consisted of three lots is not objectionable as creating a misjoinder of causes of action. In view of the amendment of the petition, to which we have just referred, there is no merit in this ground of the demurrer, unless it is sufficient to raise the point that the plaintiff could not in the same action ask a recovery of the value of the land actually taken by the railroad, and also recover any damages she might have sustained in the market value of the portion of the lot which was not taken away from her by the defendant, and which she is still permitted to occupy as a home.

Waiving, then, any defect in the demurrer, because this question is presented in various ways in this record, we will consider whether the plaintiff is entitled to recover these two distinct elements of damage in one and the same suit. It must be admitted that, if as a matter of fact the defendant took a portion of the plaintiff's lot without her consent and appropriated it to its use for the purpose of constructing and operating a railroad, she would have a right of

action for the value of the land thus taken. The constitution of the State would guarantee this right, regardless of any provision of law for the condemnation of the land. Does the assertion of this right exclude the recovery of damages to the remainder of the lot which the plaintiff is permitted to occupy, if the market value of the remainder is diminished by reason of the construction of the railroad and the operation of defendant's trains? We can see no reason why it should, for, even if the plaintiff had sold that portion of her lot upon which the tracks of the railroad company were placed, and had received an amount in excess of its true market value in a sale to some one other than the railroad company, she would not be estopped from insisting upon compensation for any injury to the remainder of her property, inflicted either by the railroad company or any one else. As we see it, the allegations of the plaintiff set up two distinct elements of damage arising from the same tortious act, neither of which is necessarily dependent upon the other, for the construction of the railroad might have increased the market value of the plaintiff's property, and yet (certainly in the absence of condemnation proceedings) the plaintiff would be entitled to the market value of any land actually taken by the railroad.

But it is insisted that a misjoinder exists in the fact that it is alleged that the home place consists of three lots which are designated by numbers, and that it is alleged that the part taken by the railroad company is from one lot, and the damages asked in consequence of the construction of the railroad relate to wholly different lots. We think the amendment to the petition sufficiently answered this objection, and made it plain that the reference to lot 6, as being the one upon which the tracks of the railroad were built, was merely for the purpose of identification. It is distinctly stated, both in the petition and in the evidence, that originally the plaintiff's home consisted of three lots, but now all three only make one. Viewing the petition as amended, and the evidence from this standpoint, it is evident the plaintiff could assert that the railroad company had damaged her lot as a whole, by taking a part of it absolutely away from her, and also because the railroad had decreased the market value of what was left. The owner of a lot of land has a right of action to recover the market value of any portion of it taken without his consent by a railroad company for the company's use, and this right is not dependent upon whether the market value of

the remainder of the lot is increased or diminished in consequence of the construction of the railroad. Nor is the right of recovery defeated by reason of the railroad company's permissive possession of a portion of the lot for a spur-track prior to the time when the route of the main line of the railroad was diverted and the spur-track changed to a part of the main line. The use of a spur-track is so different from that to which the main line is put that land occupied permissively by a railroad for the purpose of a spur-track only is not for that reason alone subjected to the use of the railroad as a part of its main line. Use of the land of another for a spur-track does not of itself make it a part of the adjoining right of way.

The court refused to allow an amendment offered by the defendant, to its answer, and which attempted to set up: "(1) That, prior to said use and occupancy of her said property as now used and occupied, the said plaintiff consented and agreed that the defendant could use the same for the purposes in the manner it is now used, and agreed that, if there was any damage done to her by reason of said use and occupancy of her property, the damage, if any, should be assessed by two persons, to wit, J. S. Baker and E. J. Collins, and that according to said agreement the property is used by said defendant. (2) That, in accordance with said agreement above stated in paragraph first, the said J. S. Baker and E. J. Collins agree upon the amount of damages, and that the two said articles [?] fixed the amount of the same at $100, and that the said plaintiff refuses and fails to accept the said amount, and will not accept the same. (3) That the plaintiff is bound by said award and estopped by said agreement to submit to said award, and therefore defendant says that plaintiff can not recover anything in said case. (4) That this agreement to a common-law award is still subsisting, and binding on the plaintiff."

It is plain that the amendment was properly refused, because, for the reasons already stated, the fact that the railroad company had maintained a spur-track on a portion of the lot with the plaintiff's consent presented no bar to her recovery not only of the value of this portion of the lot, but also of the value of any additional land which may have been taken from the lot and used in the construction of the main line of the railroad. Certainly no prescription could arise from the permissive use of a portion of the plaintiff's lot by the defendant. A permissive possession will not ripen into a

prescriptive title; and, so far as the answer related to an award, there was no such defense set up in the original answer, and the allegations in the proposed amendment are apparently insufficient. The fact that one may be entitled to recover the market value of a portion of a residence lot actually taken by a railroad company does not preclude a recovery for damage to the remainder not taken, resulting from the construction and maintenance of the railroad; and a petition which includes both items of damage is not for that reason alone demurrable. As both items of damages are recoverable in the same action, it is not error for the court in such a case to refuse to compel the plaintiff to elect.

It is not necessary to deal at length with the various exceptions which are urged by the skilled counsel for the plaintiff in error. Each is sufficiently dealt with in the headnotes, and, as all of these exceptions relate especially to the applicability of well-recognized principles to the particular circumstances of this case, an extended discussion and a lengthy opinion would not be of interest save to the parties to this cause. For that reason we need only say that in our view of the case there was no error of law which prejudiced the rights of the defendant in the court below. The evidence in behalf of the plaintiff in the trial court authorized the recovery awarded her by the jury, the verdict has the approval of the trial judge, and, as it has not been shown that any error on the part of the court contributed to or affected the result reached by the jury, we will not interfere.　　　　　　　　　　*Judgment affirmed.*