GALLAGHER v. MONROE.

1. NEGLIGENCE—PLEADING—EVIDENCE—VARIANCE—DAMAGES — SUFFICIENCY OF DECLARATION.

In an action for personal injuries, where defendants were informed of the injury plaintiff claimed to have sustained by allegations in the declaration that she "injured her left knee, dislocating the kneecap," it could not be said to be insufficient to admit proof that she fell on the knee and wrenched it, that it was swollen and painful, that there was some discoloration, and that the kneecap was raised up and riding.

2. APPEAL AND ERROR—No ERROR AS TO HYPOTHETICAL QUESTIONS WHERE OBJECTIONS MET.

The Supreme Court will not consider errors assigned on the admission of answers to hypothetical questions, where, after the form of the questions was changed to meet appellant's objections, no further objection was made.

3. NEGLIGENCE — TRIAL — INSTRUCTIONS—PRESENTING DEFENDANTS' THEORY OF CASE.

Where plaintiff claimed to have tripped over a pipe

negligently left across the sidewalk by defendants, and defendants claimed that the pipe had been removed before plaintiff passed along the street, an instruction that defendants claimed that the injury was purely accidental, that they claimed that their workmen had removed the pipe, and that plaintiff did not trip on the pipe but fell because of the ice on the sidewalk, *held*, not open to the objection that it failed to present defendants' theory of the case.

4. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—TRIAL.
An instruction that "contributory negligence is the negligence of the plaintiff which contributes to any degree to the injury of which complaint is made," with the explanation which immediately followed, *held*, in the absence of a specific request, to fairly present the question of contributory negligence to the jury.

5. SAME — DAMAGES — TRIAL—INSTRUCTIONS AS TO FUTURE PAIN AND SUFFERING—REMITTITUR.
Error in instructing the jury as to damages for future pain and suffering, that plaintiff was 37 instead of 39 years old, that her expectancy was 31 instead of 28 years, and failure to instruct that only the present worth of such amounts as would compensate her for future pain and suffering should be awarded, *held*, to affect the amount of the verdict only, which could be cured by remittitur.

6. SAME—NEW TRIAL—EXCESSIVE VERDICT.
Where it was clearly established that plaintiff suffered much, a verdict for $1,500 cannot be said to be grossly excessive and unreasonable.

7. COSTS—FAILURE TO CALL ATTENTION TO ERRORS IN CHARGE.
Where defendants' counsel failed to call the trial court's attention to errors in the charge which resulted in reduction of the judgment on error, no costs will be allowed by the appellate court.

Error to Charlevoix; Mayne (Frederick W.), J. Submitted January 23, 1923. (Docket No. 56.) Decided March 22, 1923.

Case by Marie A. Gallagher against John Monroe and another for personal injuries. Judgment for

plaintiff.    Defendants bring error.    Affirmed, conditionally.

*Dwight L. Wilson* (*Clink & Williams,* of counsel), for appellants.

*J. M. Harris,* for appellee.

SHARPE, J.    In November, 1919, the defendants were engaged in constructing a concrete bridge over the Boyne river in the city of Boyne City. Water for preparing the concrete was procured from a hydrant on the street and was carried to the mixer through a 1½-inch pipe, which crossed the sidewalk on Water street from 10 to 14 inches above the walk. The plaintiff, a married woman 37 years of age, testified that while returning from the business section of the city to her home she tripped on this pipe and fell, sustaining injuries. This action is brought by her to recover the damages occasioned thereby. She had verdict and judgment for $1,500. Defendants bring the case here on writ of error. The assignments will be considered in the order discussed by counsel.

1. The declaration alleged:

"That by such fall she injured her left knee, dislocating the kneecap, from which she has suffered severe pain, the veins of her left leg becoming varicose, and she has continuously suffered from the jar and nervous shock; her memory affected, and she has been wholly disabled from doing her usual work since said fall and has suffered irreparable painful and permanent injury."

Plaintiff testified, over defendants' objection:

"I fell on my left knee and wrenched myself in trying to save myself. I struck on my left knee and wrenched myself around. * * * I think my kneecap was injured or put out of place because it slips at the place at times, after the injury. It did not before."

Dr. McGregor, who was called to treat plaintiff several days after, testified:

"I remember being called to treat Mrs. Gallagher in December, 1919, for an injured knee.   The knee was swollen and painful and there was some discoloration. The kneecap was raised up and riding. ˚ If you would push it down it would hit the condyle.   It was not out of place or dislocated when I saw it.   I put on a splint, bandaged the knee and applied cold applications.   The knee joint is a very sensitive joint when injured.   Rather more sensitive than most of the joints in the body."

Dr. Conkle testified that a fall such as plaintiff testified she sustained might dislocate the kneecap.   "Dislocate" may be defined as "to put out of its proper place."   The allegation in the declaration informed the defendants that plaintiff had sustained an injury to her knee.   Under the liberal rules of pleading in this State, we do not think it should be said that the declaration was not sufficient to admit the proof received.   In it we think the defendants were sufficiently informed of the injury plaintiff claimed she had sustained.   Montgomery v. Railway Co., 103, Mich. 46 (29 L. R. A. 287), and cases cited.

2. Error is assigned on permitting Dr. Conkle to answer certain hypothetical questions put to him.   It appears that when objection was made plaintiff's counsel changed the form of the questions to meet the objection and that none other were made.

3. Complaint is made that the trial court did not submit defendants' "theory of the case" to the jury. Attention is called to the 9th paragraph wherein the court said that defendants claimed "under the testimony, this was purely accidental."   In the 5th paragraph the court had said: "The defendant denies that this pipe at the time was in the position the plaintiff claims it was."   This was followed by a statement of defendants' claim that their workmen had removed

the pipe before plaintiff passed along the street. If the plaintiff did not trip on the pipe, but fell because of the ice on the sidewalk, then her fall was accidental. We find no error in the instruction in this respect, when considered in its entirety.

4. This assignment is thus stated:

"Error in failing to instruct the jury how to apply the law of contributory negligence."

The jury were instructed:

"Now, contributory negligence is the negligence of the plaintiff which contributes to any degree to the injury of which complaint is made."

In the absence of a specific request, we think this instruction and the explanation which immediately followed fairly presented the matter to the jury.

5 and 6. In instructing the jury that if they found plaintiff permanently disabled they might allow her for pain and suffering in the future, the court erroneously stated that her age was 37 and her expectation of life 31 years, whereas in fact the plaintiff was 37 at the time of her injury and 39 at the time of the trial and her expectancy of life at that time but 28 years. No instruction was given that the jury should only allow the present worth of such amounts as would compensate her for pain and suffering in the future. As was said in *Denman* v. *Johnston*, 85 Mich. 387, 399, such damages are matters "which the ordinary jury, without special instructions as to the method of ascertaining them, are hardly competent to grapple with." We have no means of knowing the amount so allowed by the jury. That the plaintiff suffered much is clearly established. Had the total verdict been awarded for future pain and suffering, the allowance would have been at the rate of about $50 per year. These errors affect the amount of the verdict only. We think the defendants will be amply pro-

tected by requiring the plaintiff to remit $100 from the judgment rendered.

7. Error is assigned on the instruction as to the damages to which plaintiff was entitled. Without quoting it, we are of the opinion that it fairly presented the nature of plaintiff's claim as to her injuries and the damages which should be allowed if such claim was supported by the proofs.

8. On motion for a new trial defendants claimed that the verdict was grossly excessive and unreasonable. We have read the record with care and cannot so conclude.

If plaintiff shall within ten days after the filing of this opinion file a consent that the judgment be reduced to $1,400, it will stand affirmed. In such event, in view of the fact that counsel for the defendants failed to call the court's attention to the errors in the charge which have resulted in such remission, no costs will be allowed. Should such consent not be filed, the judgment will be reversed and a new trial granted, with costs to defendants.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.