DORSEY *v.* GREEN, executor, *et al.*

No. 16380.   OCTOBER 13, 1948.

*Leonard Pennisi,* for plaintiff in error.

*Weekes & Candler,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The first and fifth special grounds of the motion for new trial complain that the court erred in its charge in failing to give "a thorough explanation of the fiduciary relationship existing between plaintiff and defendant," and in failing to define the defendant's duties as executor. The criticism is that the doctrine of fiduciary relationship was a sound principle of law, and that law together with a definition of the duties of the defendant as executor were of vital importance to the matter in issue, and the failure of the court so to charge was prejudicial and harmful to the movant.

It is the duty of the court to instruct the jury as to the law applicable to every material issue in the case, even in the absence of any request. *Walker* v. *State,* 122 *Ga.* 747 (50 S. E. 994); *Investors' Syndicate* v. *Thompson,* 172 *Ga.* 203 (2b) (158 S. E. 20).

The court in the case under review did not charge the Code, § 37-707, defining confidential relations. However, that section is a part of the statutes on fraud, and is closely related thereto, which statutes are set forth in Chapter 37-7 of the Code. After charging at length on both constructive and legal fraud, the court told the jury that the sole question was whether or not there was fraud practiced upon the plaintiff, as he contended, and if they believed that the defendant fraudulently caused the plaintiff to part with his property, then they would be authorized to find for the plaintiff. The court had already fully stated the contentions of the plaintiff and the defendant. The charge as given was sufficient, and if the plaintiff desired further instructions as to the law concerning a fiduciary relationship and the duties of an executor, a timely and appropriate written request should have been made therefor. The charge would have authorized a verdict for the plaintiff, even though the jury might have believed that the evidence was insufficient to show the existence of any confidential relation.

■ Numerous special grounds complain of the charge of the court as a whole. The various objections have been carefully examined, but have been found to be without merit, and no useful purpose would be served in setting them forth and discussing them in detail. The charge was a fair statement of the issues and the applicable principles of law.

■ The evidence was sufficient to support the verdict in favor of the defendant, and the trial court did not err in overruling the plaintiff's motion for new trial as amended.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*