40241.   MYERHOLTZ et al. v. CONWAY.

DECIDED NOVEMBER 22, 1963.

698

*Erwin, Birchmore & Epting, Eugene A. Epting, C. E. Sutton,* for plaintiffs in error.

*Walton Hardin,* contra.

BELL, Presiding Judge. ■ Ground 1 of the amended motion for new trial objects to the trial court's refusal to grant defendants' oral motion to strike certain portions of plaintiff's petition. An oral motion to strike performs the office of a general demurrer, and it may not be reviewed on motion for new trial. *Meads v. Williams,* 55 Ga. App. 224 (189 SE 718); *Postell v. Hearn,* 104 Ga. App. 765 (123 SE2d 13); *Turner v. Barber,* 131 Ga. 444

(62 SE 587) ; *Leathers v. Leathers,* 132 Ga. 211, 213 (2) (63 SE 1118).

■ Special ground 3 objects to the failure of the trial judge to charge the provisions of *Code Ann.* § 68-1641(a) which prohibit the following of another vehicle more closely than is reasonable and prudent, a violation of which would constitute negligence per se.

The ground does not show that the terms of *Code Ann.* § 68-1641(a) were injected into the case by the pleadings so as to raise an issue of negligence per se. This issue was not raised by the mere denials in the answer as there was nothing in the petition addressed to the point. It was, therefore, a matter requiring affirmative pleading which placed the burden on the defendants to assert it specifically in their answer before a non-observance of *Code Ann.* § 68-1641(a) constituting negligence per se could become an issue in the case. For us to sanction the requirement that a trial judge must charge specifically on negligence per se in every case where the mere substance and nothing more of a Code section is pleaded and evidence tending to support it is in the case, would be to impose an intolerable burden on the trial courts. There are very few cases where these two elements do not develop during the course of a trial, and to hold the trial courts to this strict a standard of accuracy could only lead to more numerous and unnecessary reversals. If a party wishes to measure the conduct of his adversary by the standard of negligence per se, he should be required to plead it. He "cannot complain that the court did not submit to the jury a defense which he did not plead." *Cowan v. Bank of Baconton,* 21 Ga. App. 645, 646 (94 SE 808) ; *Chattahoochee Valley R. Co. v. Bass,* 9 Ga. App. 83 (12) (70 SE 683). The trial court did not err in not presenting to the jury these provisions of the law.

Ground 3 has no merit.

■ Ground 2 of the amended motion for new trial contends that the trial judge, under the pleadings and the evidence, erred in failing to charge, without request, the terms of *Code Ann.* § 68-1603(b), relating to general traffic regulations which read as follows: "Unless specifically made applicable, the provisions of said law *shall not apply* to persons, teams, motor vehicles, and other equipment *while at a place where work is in process on*

*the highway* or a bridge *and while engaged in such work,* but shall apply to such persons and vehicles when traveling to or from such places when work is in process." (Emphasis supplied.)

The plaintiff's petition alleged that the defendants were guilty of negligence per se by violating certain provisions of *Code Ann.* §§ 68-1668 and 68-1670. The defendants' answer denied these charges and affirmatively alleged in paragraph 21 that "two workmen employed by Shepherd Construction Company were in the body of the truck with shovels and was [sic] spreading gravel onto the highway as part of the construction and maintenance work on said highway." Paragraph 22 also alleged that the truck was engaged in "highway repair work." The evidence shows that Shepherd Construction Company had done the work of resurfacing this highway and that the work being done at the time of the collision was part of completing this construction job.

The petition having raised the question of negligence per se chargeable against the defendants by alleging violations by them of pertinent provisions of *Code Ann.* §§ 68-1668 and 68-1670, the defendants by a mere denial in their answer were authorized to show at the trial that they were not guilty of the negligence per se of which they stood accused.

Under the evidence and the pleadings, had the provisions of *Code Ann.* § 68-1603(b) been given them in their instructions, the jury would have been authorized to find that the defendants were not guilty of negligence per se as neither *Code Ann.* § 68-1668 nor *Code Ann.* § 68-1670 was applicable to the facts before them by reason of the existence of facts which invoked *Code Ann.* § 68-1603(b). Since the judge charged the jury that it was negligence per se if it found that the defendant had violated any of several traffic regulations (*Code Ann.* §§ 68-1668 and 68-1670), which, as a matter of law, would not have been applicable if the jury determined from the evidence that the defendants' truck at the time of the collision was being used in work on the highway within the meaning of *Code Ann.* § 68-1603(b), there can be no doubt that the trial judge's failure to charge the essence of *Code Ann.* § 68-1603(b) was harmful error. *Central R. v. Harris,* 76 Ga. 501, 506-512 (1); *Brown v. Kirkland,* 108 Ga. App. 651. And see *Ed Smith & Sons, Inc. v. Mathis,* 217 Ga. 354, 358 (122 SE2d 97), on motion for rehearing, reversing the Court of

Appeals' holding on a special demurrer involving this Code section, in *Ed Smith & Sons, Inc. v. Mathis,* 103 Ga. App. 661, 665 (120 SE2d 646). It is the duty of the trial judge, even without request, to charge the jury on all material and substantial issues made by the pleadings and supported by the evidence. *Pryor v. Coggin,* 17 Ga. 444; *Dorsey v. Green,* 204 Ga. 453 (49 SE2d 901); *Crown Carpet Mills, Inc. v. C. E. Goodroe Co.,* 108 Ga. App. 327, 334 (5) (132 SE2d 824).

Plaintiff argues that the evidence does not require a charge on the provisions of *Code Ann.* § 68-1603(b), and attempts to distinguish between construction and repair of a highway, alleging that at the time of the collision this truck crew was repairing the road. This distinction is not persuasive, however, for the simple reason that the Code section refers to *work* on the highway, a term which encompasses both construction and repair.

Essentially, ground 4 renews the general grounds and need not be considered.

The judgment is reversed for the reasons stated in Division 3 of the opinion.

*Judgment reversed. Hall and Pannell, JJ., concur.*