111 Ga. App. 767 (1965)
143 S.E.2d 403
AULTMAN
v.
SPELLMEYER.
41135.
Court of Appeals of Georgia.
Submitted February 3, 1965.
Decided June 2, 1965.
*768 Perry, Walters & Langstaff, H. H. Perry, Jr., for plaintiff in error.
Ford & Houston, P. B. Ford, contra.
BELL, Presiding Judge.
1. The single special ground of the motion for new trial urges as error the failure of the trial judge to give the following portion of Code Ann. § 68-1635 in his instructions to the jury: "The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated: . . . (b) Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking *769 vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle." The ground states that the principle of law was applicable to the case, that it was warranted both by the pleadings and the evidence, and should have been charged even in absence of a request.
The contention in that the provision necessarily implies an affirmative duty on the driver of a vehicle overtaking another going in the same direction to give an audible signal to warn the driver of the lead vehicle that he is to be passed. Until the audible signal is given, it is suggested, there is no duty on the driver of the overtaken vehicle to keep to the right of the road. Thus, it is argued, the Code section would have authorized the jury to find that the failure of the overtaking vehicle to give an audible signal was the proximate cause of the collision as well as to find that there was no negligence on the part of the driver of the lead vehicle in suddenly turning left as he was under no duty to keep to the right in absence of an audible signal. In any event, it is also contended, the Code section under the facts of this case bears directly upon the issue of comparative negligence.
We cannot agree with these contentions. The language of § 68-1635 (b) places affirmative duties on drivers only after the occurrence of one event (the giving of an audible signal by the passing vehicle) and even after the giving of an audible signal places duties only on the driver of the vehicle being overtaken (to give way to the right and not to increase speed until passed.) The provision does not place a duty on the driver of the overtaking vehicle to give an audible signal.
Prior to the enactment by the General Assembly of the Uniform Act Regulating Traffic on Highways, (Ga. L. 1953, Nov. Sess., pp. 556-623) the Code of 1933, § 68-303 (d) expressly stated that "an operator overtaking and desiring to pass a vehicle shall blow his horn, and the operator of the vehicle so overtaken shall promptly, upon such signal, turn his vehicle as far as reasonably possible to the right in order to allow free passage on the left of his vehicle." This entire Code section was one of those expressly repealed by the Act of 1953. The former law clearly placed the duty on the driver of the overtaking vehicle to "blow his horn" and failure to instruct the jury on that duty was held to be reversible error in Awbrey v. Johnson, 45 Ga. App. *770 663 (1) (165 SE 846). We must assume that the General Assembly in enacting the Act of 1953 was aware of the requirement of Code § 68-303 (d) and of the holding in Awbrey. "Statutes are presumed to be enacted by the General Assembly with full knowledge of other statutes and the decisions of the courts." Nelson v. Roberts, 217 Ga. 613, 614 (124 SE2d 85). It is obvious, by its very absence, that it was the legislative intent to delete this duty in its new enactment. In the new Act (Code Ann. § 68-1635 (b)) "there has been a change so conspicuous as to demand an inference that it was noticed by the lawmaking body and by them understood to effect a modification of the pre-existing law." State of Ga. v. Camp, 189 Ga. 209 (2) (6 SE2d 299).
The petition here alleged that the defendant "gave no signal to warn plaintiff that he was attempting to pass." This allegation was admitted in the defendant's answer. Further at the trial the defendant testified that he had not blown his horn in attempting to pass to the left of the plaintiff's vehicle while proceeding in the same direction. Thus, under the pleadings and the evidence no duties arose under the provisions of Code Ann. § 68-1635 (b). The Code section was therefore totally inapplicable to the issues in the case and the trial judge properly did not include it in his instructions to the jury.
2. In connection with his argument above rejected, sagacious counsel for the plaintiff in error has called to our attention a questionable statement found in Myerholtz v. Conway, 108 Ga. App. 697, 699 (2) (134 SE2d 513). The statement reads as follows: "For us to sanction the requirement that a trial judge must charge specifically on negligence per se in every case where the mere substance and nothing more of a Code section is pleaded and evidence tending to support it is in the case, would be to impose an intolerable burden on the trial courts. There are very few cases where these two elements do not develop during the course of a trial, and to hold the trial courts to this strict a standard of accuracy could only lead to more numerous and unnecessary reversals."
The statement, although certainly not so intended, does appear to be subject to the comprehension that it is unnecessary for the trial courts to charge the law upon issues made by the pleadings and the evidence. It is, of course, settled beyond *771 dispute that it is the duty of a trial judge to charge the law on all issues raised by the pleadings and the evidence even in absence of requests.
Furthermore, the quotation from Myerholtz may be confusing when viewed in the light of the following: "Where an act which is in violation of a statute is alleged as the foundation of the plaintiff's right to recover, and where the act by reason of its being in violation of the statute constitutes negligence per se, it is not essential to the plaintiff's right to rely upon the act as constituting negligence per se to plead the statute and to allege that the act complained of was a violation thereof." Donaldson v. Great A & P Tea Co., 59 Ga. App. 79 (1) (200 SE 498); Southern R. Co. v. Lee, 59 Ga. App. 316, 318 (5) (200 SE 569). Cf. Brown v. Kirkland, 108 Ga. App. 651, 653 (1) (134 SE2d 472); McCord v. Benford, 48 Ga. App. 738, 739 (4) (173 SE 208).
In City of Atlanta v. First Presbyterian Church, 86 Ga. 730, 733 (13 SE 252, 12 LRA 852) Chief Justice Bleckley wrote "Courts, like individuals, but with more caution and deliberation, must sometimes reconsider what has been already carefully considered, and rectify their own mistakes." And again in another case the same Chief Justice said, "Some courts live by correcting the errors of others and adhering to their own . . . At the peril of their lives they must discover error abroad and be discreetly blind to its commission at home." Ellison v. Georgia R. Co., 87 Ga. 691, 695-696 (13 SE 809). These admonitions are but another way of saying honestly that appellate courts are courts for the correction of errors including their own.
In candor it must be said that the statement quoted from Myerholtz is obiter, unnecessary to the holding in Division 2 of that case, is misleading as a legal principle and appears to conflict with previous decisions of this court and of the Supreme Court. For these reasons, the two sentences should be deleted from the case and should not be followed as precedent. As the author of that mystifying gem, the writer is glad to rectify the error albeit obiter is set right by obiter.
Judgment affirmed. Frankum and Hall, JJ., concur.