42111, 42190. HARDIN v. VICTORY CAB COMPANY et al.; and vice versa.

ARGUED JUNE 8, 1966—DECIDED JUNE 23, 1966—
REHEARING DENIED JULY 7, 1966.

40

*R. M. Reed, Berl T. Tate,* for appellant.

*J. Corbett Peek, Jr., Glenville Haldi,* for appellees.

NICHOLS, Presiding Judge. ■ The plaintiff's first enumeration of error complains that the trial court erred in overruling ground 4 of her motion for new trial, which complains that the trial court erred in sustaining the defendants' motion to strike certain allegations of negligence from the plaintiff's petition.

The ruling complained of was not a proper ground of a motion for new trial. See *Cloud v. Stewart,* 92 Ga. App. 247, 249 (8 SE2d 323); *Myerholtz v. Conway,* 108 Ga. App. 697 (1) (134 SE2d 513); *Ball v. State Hwy. Dept.,* 108 Ga. App. 457 (2) (133 SE2d 638); *Bearden v. Lane,* 107 Ga. App. 424, 427 (130 SE2d 619); *Guest v. Baldwin,* 104 Ga. App. 809, 811 (123 SE2d 194). Accordingly, the trial court did not err in overruling ground 4 of the plaintiff's motion for new trial.

■ The second and third enumerations of error complain of the overruling of grounds 5 and 6 of the plaintiff's motion for new trial. Ground 5 of the motion for new trial complains that the trial court erred in limiting the jury to a consideration of the grounds of negligence which remained in the petition after the defendants' motion to strike certain allegations of negligence was sustained, and ground 6 complains that the trial court erred in failing to charge on the grounds of negligence which had been stricken from the pleadings, as well as a refusal to charge a written request dealing with the same subject.

There having been a ruling on the defendants' motion to strike such allegations of negligence unexcepted to, such ruling became the law of the case. The trial court's charge was in accordance

with the law of the case and no error appears in either of these enumerations of error.

■ The sole remaining ground in the main appeal contends that the trial court erred in charging: "Now as to any award for pain and suffering in the future, if you make an award for pain and suffering which may be endured in the future, you should give consideration to the fact that, insofar as any award for future pain and suffering is made, the plaintiff is receiving a present cash value for damages which have not yet been sustained." The complaint made to such charge is that it instructed the jury to reduce any amount awarded for future pain and suffering "to its present cash value." This contention is without merit, for as was held in *Southern R. Co. v. Bottoms,* 35 Ga. App. 804 (2) (134 SE 824): "Pain and suffering not having any marketable value, and money compensation therefor not being susceptible to mathematical determination, but the amount of the recovery therefor being left to the enlightened consciences of impartial jurors (Civil Code (1910) § 4504; *Linder v. Brown,* 137 Ga. 352 (6) (73 SE 734); *Betts Co. v. Hancock,* 139 Ga. 198 (6) (77 SE 77)), a jury in a personal injury suit, where damages for future pain and suffering are sued for, should not be instructed that the amount representing the monetary compensation for future pain and suffering should be reduced to its present worth. Bostwick v. Pittsburgh Rs. Co., 255 Pa. 387 (100 A 123); Ford v. Philadelphia &c. Co., 262 Pa. 514 (105 A 885); Sebastian v. Philadelphia &c. Co., 262 Pa. 510 (105 A 887); see also Gallagher v. Monroe, 222 Mich. 202 (192 NW 609); Denman v. Johnston, 85 Mich. 387 (48 NW 565). It would be proper, however, in such a case to instruct the jury that in awarding damages for future pain and suffering they should give consideration to the fact that the plaintiff is receiving a present cash consideration for damage not yet sustained."

■ The one enumeration of error in the cross appeal complains that the trial court erred in overruling the defendants' motion for a judgment non obstante veredicto. In support of this contention it is argued that the record is devoid of evidence as to any negligence on the part of the defendants.

At the conclusion of all the evidence, after all rulings on the pleadings had been made, there remained in the petition two allegations of negligence, to wit: "17. (b) In failing to note the proximity of your petitioner to the vehicle operated by the said defendant, and (c) In striking your petitioner with the door of the vehicle he was operating, causing her to fall onto the pavement." The petitioner's testimony upon this point was as follows: "A. Yes, sir: I got out of the cab: I opened the door myself and I got out of the cab, and I picked up my sack of groceries, put my pocketbook on my arm, and I picked up my drinks in my left hand and a little sack of groceries in this one, and I stepped back and I went to close the door with my arm and he reached back and said, 'I will close the door, and he jerked it and just as I got my arm on the door, why, he jerked the door to and I fell backwards this way, and my cokes on one side and groceries on the other in the middle of the street. And there I lay right across the street from the back of the cab."

The evidence of petitioner was that she was attempting to close the cab door, and the defendant Wellham pulled the door away from her, and in so doing failed to note her close proximity to the cab door at the time. While there was no evidence that Wellham actually struck her with the cab door, as alleged, the evidence that Wellham jerked the door to just as petitioner got her arm on it and fell backwards, raised a jury question as to whether or not the jerking of the cab door on the part of Wellham caused petitioner to lose her balance and precipitated her fall to the pavement. Moreover, this testimony of petitioner was unobjected to, and, under the decisions of this court exemplified by the case of *Harvey v. DeWeill,* 102 Ga. App. 394 (2b) (116 SE2d 747), amounted to an amendment of plaintiff's petition. Accordingly, the trial court did not err in overruling defendants' motion for judgment non obstante veredicto.

*Judgment affirmed on the main appeal and cross appeal. Hall and Deen, JJ., concur.*